The opinion of the Court ivas delivered by

Mr. Justice Gantt.

The note which was taken to secure the payment of the hire, expressed on its face the consideration which was to be paid. It is unqualified in the terms used, and purports to be the entire sum which by the agreement was intended to be paid for the services of the negro. Whatever views therefore may have been entertained by the parties previous to giving the note, they must give way to the certain and fixed terms expressed in the writing which consummated the contract between them. It would be of dangerous tendency to permit a written contract, the terms whereof are explicit and constitute the law by which it is tp be judged of, to be impugned and varied by oval testimony. The substance and intent of the written agreement in this case, w’as to' shew what was the contract on the part of Moore, and to what extent he was to be answerable for the hire of the negro. Now as parol evidence cannot be. admitted to annul or substantially vary a written agreement, 3 Wils. 275, this rule would be clearly violated, if it were competent for the plaintiff to prove an additional sum beyond that expressed in Moore’s written agreement for the hire: “ Parol ■evidence shqll pot be received to prove an additional rent beyond that expressed in the written agreement for. a, lease.1? 2 Bl. Rep. 1249; 4 Comyn's. Digest, Tit. Evidence, c. 5. Nov shall parol .evidence be permitted to explain a writing where 4he meaning is plain, “ as if a man agree in writing to sell *403 Blackacre for £1000, parol evidence shall not be admitted that he intended Whiteacre should *also pass.”
Williams, for motion.
Rogers, contra.
If then it be law that parol evidence cannot be received to vary what is clearly and substantially set forth in a written agreement; if on a lease expressing a certain rent, no additional rent can be established by parol evidence, then l think it clearly follows that when the sum is expressed (as in this case) which the hirer is to pay, no additional sum can be claimed or established by parol evidence. There would be no end to litigation were it otherwise; a man entering into a contract might be made to answer in as many different ways as the terms of' the contract might be varied by human ingenuity; this would lead to great injustice, cruelty and wrong — fortunately for mankind this is not a rule of jurisprudence here or elsewhere. But this doctrine has been so ably and fully commented upon by my brother Nott, in the case of M'Dowall, vs. Beckly, 2 Const. Decs. 265, as to supercede the necessity of any comments on my part. The principle now involved was decided in that case, which is “ That parol evidence cannot be admitted to contradict, add to, or vary the terms of a written instrument. The motion therefore is granted.
Colcock, Richardson, and JVoit, Justices, concurred,